## O'Reilly, Appellant, v. Clinton Block Coal Co.

*Easements—Right-of-way—Construction of railroad across way—Interference with easement—Equity—Injunction.*

1. Where the owner of a farm has the mere right of passage in a lane leading from the farm to a public road, the owner of the land on which the lane is situated may grant to a railroad company the right to cross with its tracks the lane in question, if it does not interfere with the reasonable and lawful enjoyment of the right of passage.

2. The crossing and operation of the railroad at grade across the lane are not, per se, an interference with the right of passage.

3. The possibility of danger in the future from the operation of the railroad at grade is not sufficient ground for granting an injunction restraining future operation and the removal of the crossing.

Argued October 21, 1919. Appeal, No. 136, Oct. T., 1919, by plaintiffs, from decree of C. P. Allegheny Co., Jan. T., 1919, No. 286, dismissing bill in equity in case of Laura Lynch O'Reilly and William C. O'Reilly, Jr., v. Clinton Block Coal Company, a Corporation, and B. M. Chaplin Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Bill in equity for an injunction.

WASSON, J., filed the following opinion:

The plaintiffs filed their bill and seek to enjoin the defendants from making and using a crossing for a branch railroad over a right-of-way leading from their farm to the township public road.

From the pleadings and evidence we reach the following findings of fact and conclusions of law:

### FINDINGS OF FACT.

(1) The plaintiff, Laura Lynch O'Reilly, is the owner of a farm of one hundred and thirteen àcres, situate in Findlay Township, Allegheny County, Pennsylvania, and resides thereon with her husband, William C. O'Reilly, Jr., and the members of their family. She is also the owner of a certain right-of-way along a lane leading from the mansion house on said farm to the Robinson public road, a distance of approximately five hundred feet. The farm and the right-of-way came to her by deed of Mattie E. Burns, dated the 30th day of April, 1917, of record in the recorder's office of Allegheny County in Deed Book, volume 1894, page 135, and is the same right-of-way that passed to Robert H. Burns, one of her predecessors in title, from Henry Leech et ux., under and in pursuance of an agreement to arbitrate, the award of arbitrators and the confirmation thereof of record in the recorder's office of Allegheny County in Deed Book, volume 186, page 479.

(2) The said award and confirmation in arbitration are in terms as follows:

### "AWARD, MARCH 11, 1865.

"We, Daniel Crame, Michael Rodgers, and John Moody, arbitrators, after meeting on the ground and being duly sworn to settle the dispute between Henry Leech and Robert Burns in regard to the right-of-way through Leech's property and in regard to the fences, do make our award as follows:

"Said Burns is to pay said Leech immediately the sum of forty dollars; said Burns, his heirs, etc., to keep the upper half of the fence along the lane in good repair at his own proper expense; said 'Leech, his heirs, etc., to keep the lower half next to the run in good repair at his own proper cost. The fence, where it crosses the run, to be moved fifteen feet up the run. The cost of the three arbitrators, which is nine dollars, to be paid by said Leech and Burns, each paying one-half. Said Leech is to give said Burns the right-of-way along said road as long as the water runs or the grass grows.

"Witness our hands and seals this 11th day of March, 1865.

"MICHAEL RODGERS.

"DANIEL CRAME.

"JOHN MOODY."

"Know all men by these presents: That we, Robert Burns and Henry Leech and wife, within mentioned parties, both agree to the within award, and that the terms and conditions of said award shall be binding upon us and our heirs and assigns forever, and that same be recorded in the recorder's office of Allegheny County, Pennsylvania, as such.

"In witness whereof, we have hereunto set our hands and seals the 30th day of May, A. D. 1865.

"(Signed) HENRY LEECH.

"ANNE LEECH.

"ROBERT BURNS.

"Witness:

"JOHN MOODY."

(3) The defendant, Clinton Block Coal Company, is a Pennsylvania corporation engaged in mining coal in the vicinity of the plaintiff's farm, and, for some time prior to the filing of the bill of complaint, for its own use in delivering coal, was engaged through its contractor, B. M. Chaplin Company, the other defendant, in constructing a standard-gauge single-track branch rail-

road from its mines to connect with the Montour railroad, and just prior to the filing of the bill, without the plaintiff's consent and against her protest, made a crossing over the lane along which the right-of-way ran in the neighborhood of two hundred feet from where it empties into the Robinson road.

(4) The said crossing was made at right angles to the lane eighteen inches above grade; the approaches were properly filled and graded; drain pipes to care for the surface water were duly laid; the space between the rails and for a distance of two feet on either side was covered with oak planks two and one-half inches thick and sixteen feet long, and a cinder filling was made east or below the crossing, greatly improving the grade and condition of the lane road to the point of junction with the public road. The grade of the lane road above the crossing for a short distance was also improved by the defendant.

(5) The road leading from the plaintiff's farm to the public road has a descending grade of about ten per centum. The road has been in use by the plaintiff and her predecessors in title for many years for the purpose of hauling supplies and produce, transporting animals, and in the matter of general foot and vehicle traffic. The road has not been kept in good repair. Often it has been impassable, and at different times in the year for considerable periods the plaintiff in preference has made use of a way across the fields to reach the public road.

The lane road for a distance of between fifty and one hundred feet above the point where the crossing has been made, is either worn down by long usage or has been cut approximately six feet, so that the bank to the right, as one walks down, presents an obstruction to his view of approaching trains.

(6) By deed dated the 17th day of December, 1917, of record in the recorder's office of Allegheny County in Deed Book, Vol. 1912, page 309, James W. Leech et ux. granted and conveyed to the defendant a right-of-

way thirty feet in width "for the location, construction, maintenance, and operation of a line or lines of railroad tracks upon, over, through, and across" his farm lands situate in Findlay Township.

In pursuance of said grant, the defendant built and is operating and maintaining its railroad across the plaintiff's right-of-way.

(7) The said James W. Leech is the owner in fee of the land on either side of the lane along which the plaintiff's right-of-way passes, and is also the owner in fee of the land embraced within the lines of said lane, which passed to him by successive grants from Henry Leech, through whom the plaintiffs derive their title to the right-of-way over which said crossing is made. Henry Leech is the common source from which plaintiff and defendant derived their respective titles.

(8) The defendant's railroad will be used in connection with its coal mining business, in transporting supplies and coal between its mines and the junction with the Montour railroad. Not more than six trains will pass over the crossing in any one day, and trains will not be run at a greater speed than fifteen miles per hour.

(9) Trains approaching said crossing, except as stated in the fourth [5th] finding, are plainly visible to persons making use of the lane road. Travel is not made unsafe or dangerous by the use of the railroad crossing.

(10) The crossing, as constructed, does not constitute any physical interference with the plaintiff's right of passage nor impair her convenient use of the lane road.

(11) The operation of trains over the crossing, in the manner as indicated, will not substantially interfere with the plaintiff's use of the lane road.

(12) As a purely engineering proposition it would not have been possible for the defendant to have constructed a crossing above grade. Such a crossing, however, would have necessitated a different construction of its entire line and would have involved a needless and unwarranted expenditure.

CONCLUSIONS OF LAW.

(1) The plaintiff, Laura Lynch O'Reilly's right in the lane leading from her farm to the public road is only the right of passage. She has no title to the fee.

(2) J. W. Leech, the defendant's grantor, was the owner of the servient tenement and had the right to use and to grant the use of his land in every way that did not interfere with the reasonable and lawful enjoyment of the right of passage to which the plaintiff is entitled.

(3) The construction and operation of the railroad at grade, crossing the lane, is not, per se, an interference of said right of passage.

(4) The construction and operation of the defendant's railroad at grade, across the lane along which plaintiff's right of passage exists, is not an interference with her right.

(5) The possibility of danger in the future from the operation of the railroad at grade is not sufficient ground for granting an injunction restraining future operations and the removal of the crossing.

(6) The restraining arm of the law may be employed at any time in the future to safeguard the plaintiff in the enjoyment of her right.

(7) The bill should be dismissed at the cost of the plaintiff.

The court entered a decree dismissing the bill. Plaintiffs appealed.

*Error assigned* was decree dismissing the bill.

*F. C. McGirr,* for appellants.

*William A. Seifert,* with him *Richard G. Miller, Donnan & Miller* and *Reed, Smith, Shaw and Beal,* for appellees.

PER CURIAM, January 5, 1920:

The decree in this case is affirmed, at the costs of the appellants, on the facts properly found by the learned chancellor below and the correct legal conclusions which he applied to them.